IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **CRIMINAL ACTIONS 09-114-KD** |
| ) | **00-201-KD** |
| **MARK GILL,** ) | |
|     **Defendant.** ) | |

**ORDER**

This matter is before the court on Defendant Mark Gill's motions for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines. (Docs. 112 & 116 in No. 09-114; Doc. 65 in No. 00-201). Upon consideration, the motions filed in No. 09-114 are due to be **GRANTED**, and it appears that the motion filed in No. 00-201 is due to be **DENIED**.

**I.    Legal Context**

Last year, the United States Sentencing Commission enacted an amendment to the United States Sentencing Guidelines that, in general, had the effect of reducing the sentencing ranges for offenses involving particular quantities of crack cocaine. See U.S. Sentencing Guidelines Manual app. C, amend. 750 (2011). Because Parts A and C of that amendment apply retroactively, see id. § 1B1.10(c), the Court is empowered pursuant to 18 U.S.C. § 3582(c)(2) to modify an eligible defendants' sentences. See generally United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("amendments claimed in § 3582(c)(2) motions may be retroactively applied solely where expressly listed under § 1B1.10(c)" (emphasis in original)). Additionally, settling a split between the circuits, the Supreme Court recently held in Dorsey v. United States, Nos. 11-5683; 11-5721, 2012 WL 2344463 (U.S. June 21, 2012), that the Fair Sentencing Act of

2010, Pub. L. No 111-220, 124 Stat. 2372 ("FSA"), and the relatively more lenient statutory mandatory minimums set forth therein apply retroactively to all defendants sentenced following the FSA's August 3, 2010 enactment, notwithstanding the date on which those defendants committed their offenses of conviction.

## II.     Analysis

After review of Defendant's motions and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same, the Court has determined that a reduction of sentence based on the amended guideline range appears to be appropriate in Case No. 09-114 but not in Case No. 00-201.

### A.     Case No. 09-114

On September 17, 2009, Defendant pled guilty to conspiring to possess more than 50 grams of crack cocaine with intent to distribute.  (Doc. 58 in No. 09-114).  At his October 15, 2010 sentencing, Defendant was held accountable for 58.27 grams of crack cocaine.  (Doc. 77 at 6 in No. 09-114; Doc. 115 at 30 in No. 09-114).  As a consequence of Defendant's criminal history, Defendant faced a statutory sentencing range of 10 years to life in prison.  See 21 U.S.C. § 841(b)(1)(B) (2006) (prescribing term of imprisonment of not less than 10 years if defendant's offense involves five grams or more of a mixture or substance containing cocaine base and defendant was previously convicted of a drug felony).  After receiving a three-level reduction for acceptance of responsibility, Defendant's total offense level was 27 and his criminal history category was III, yielding a guidelines range of 87-108 months that would have applied but for the 10-year mandatory minimum.  See U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2009) (prescribing base offense level of 30 for offenses involving at least 50 grams but less than 150 grams of crack cocaine); id. § 5G1.1(b) (statutory mandatory minimum replaces otherwise applicable guideline range where the latter is greater than the high end of the former).  The Court

departed from the 120-month guideline range and imposed a sentence of 60 months. (Doc. 110 at 2 in No. 09-114).

Dorsey allows Defendant, who was sentenced two months after enactment of the FSA, to enjoy the benefit of Congress' decision to increase the thresholds necessary to trigger § 841(b)(1)(B)'s statutory mandatory minimums. As amended by the FSA, § 841(b)(1)(B) does not prescribe any mandatory minimum for offenses involving less than 28 grams of crack cocaine. See 21 U.S.C. § 841(b)(1)(B) (2006 & Supp. V 2011). Accordingly, in the absence of a mandatory minimum, § 5G1.1(b) no longer operates to set Defendant's guideline range at 120 months, and, pursuant to § 3582(c)(2), Defendant's guideline range is to be calculated according to the amended crack cocaine guideline at § 2D1.1. That guideline sets forth a base offense level of 26 for offenses involving at least 28 grams but not more than 112 grams of crack cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2011). Subtracting three levels for acceptance of responsibility, and by virtue of Defendant's criminal history category of III, Defendant's revised guideline range is 57-71 months. See U.S. Sentencing Guidelines Manual ch 5., pt. A (2011). Granting Defendant the benefit of the 25% downward departure initially sought by the Government (Doc. 107 in No. 09-114) results in a sentence of 43 months.

**B.     Case No. 00-201**

On the same date that the Court sentenced Defendant in No. 09-114, it also sentenced Defendant to an imprisonment term for violating certain conditions of his supervised release in No. 00-201, another crack cocaine conspiracy case. (Doc. 64 in No. 00-201).[1] Because Amendment 750 does not apply to revocation sentences, the Court is without authority to reduce Defendant's sentence in No. 00-201. See § 1B1.10 cmt. n.5 ("Only a term of imprisonment imposed as part of

---

[1] The revocation judgment specified that Defendant's 24-month sentence in No. 00-201 is to "run consecutively to the custody sentence imposed in CR 09-00114." (Id. at 2).

3

the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.").

### III. Conclusion

Unless either party files a written objection within **thirty (30) days** of this order, the Court will enter an order reducing Defendant's term of imprisonment in Case No. 09-114 to 43 months. Defendant is **ORDERED TO SHOW CAUSE** by **August 10, 2012**, why his motion for reduction of sentence in No. 00-201 should not be denied.

**DONE** and **ORDERED** this the **11th** day of **July 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**