**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION 09-00114-KD** |
| | ) | |
| **MARK GILL,** | ) | |
| **Defendant.** | ) | |

-----------------------------------------------------------

| | | |
|---|---|---|
| **MARK GILL,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **CIVIL ACTION 12-00511-KD** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**ORDER**

This matter is before the Court on Defendant/Petitioner Mark Gill's motions to vacate, set aside or correct sentence (Docs. 112 & 116), and the Government's response thereto (Doc. 122). Upon consideration, and for the reasons set forth herein, Petitioner's motions are due to be **GRANTED**.

**I.     Procedural Background**

On September 17, 2009, Defendant pled guilty to conspiring to possess crack cocaine with intent to distribute in violation of 21 U.S.C. § 846.   (Doc. 58).   As a consequence of the fact that he was held accountable for 58.27 grams of crack cocaine, Defendant faced a mandatory minimum imprisonment term of ten years under the statutory scheme in place at the time of his offense.   See 21 U.S.C. 841(b)(1)(A)(iii) (2006) (prescribing term of imprisonment of not less than ten years and no more than life if defendant's offense involves 50 grams or more of a mixture or substance containing cocaine base).   At a sentencing hearing held on October 15,

2010, the Court granted the Government's motion to relieve Defendant from the statutory minimum and sentenced Defendant to 60 months.    (Doc. 110).

## II.    Legal Context

The Court recently summarized the pertinent legal context in United States v. Wilburn, Nos. 10-00087-KD & 10-00188-KD, 2012 WL 2838251, at *1-2 (S.D. Ala. July 10, 2012). The highlights are these: Congress enacted the Fair Sentencing Act of 2010 ("FSA") on August 3, 2010.    The FSA sought to reduce the disparity between federal criminal penalties for crack cocaine and powder cocaine offenses by increasing the drug quantities necessary to trigger the statutory minimums.    On June 21, 2012, the United States Supreme Court held that the FSA's new mandatory minimum sentencing provisions to all sentencings on or after August 3, 2010, regardless of when the offense conduct took place. See Dorsey v. United States, 132 S. Ct. 2321 (2012).

## III.    Conclusion

The FSA applies to Defendant, who was sentenced after the FSA's enactment.    The crack cocaine quantity for which Defendant is accountable triggers a post-FSA statutory minimum of five years rather than the ten-year mandatory minimum upon which Defendant's imposed sentence was based.    See 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. V 2011) (prescribing five-year mandatory minimum for offenses involving at least 28 grams but less than 280 grams of crack cocaine).    Accordingly, Defendant's motions to vacate, set aside or correct sentence (Docs. 112 & 116) are **GRANTED**, and the sentence previously imposed is hereby **VACATED**.

Whereas Defendant has waived his right to appear for a resentencing hearing (Doc. 120 at 1), whereas Defendant is subject to a five-year statutory mandatory minimum, and whereas the

Court previously granted the Government's substantial assistance motion that recommended a

25% downward departure from the statutory minimum, Defendant is hereby **RESENTENCED**

to a term of imprisonment of **45 months**.[1]

   The Clerk of Court is **DIRECTED** to enter forthwith an Amended Judgment in

accordance with the foregoing.[2]

   **DONE** and **ORDERED** this **20**[th] day of **August 2012**.

          /s/ Kristi K DuBose
          **KRISTI K. DuBOSE**
          **UNITED STATES DISTRICT JUDGE**

---

[1] Previously, in consideration of Defendant's substantial assistance to the Government, the Court determined that a reasonable sentence would be 60 months imprisonment.   That was a 50% departure from the pre-FSA mandatory minimum of 120 months.   Now that the applicable mandatory minimum is 60 months, the Court determines that the Government's requested 25% departure provides for a reasonable sentence, particularly in light of Defendant's criminal history and the need for the sentence imposed to promote respect for the law and adequately deter criminal conduct.

[2] But for the length of Defendant's term of imprisonment, all provisions of the original Judgment shall remain in effect.